|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |
| PATRICK LACY,<br><br>         Plaintiff,<br> v.<br>AARON FORD, et al.,<br><br>         Defendants. | Case No. 2:19-cv-01276-APG-VCF<br><br>**ORDER** |

  This action began with a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by a person in the custody of the Nevada Department of Corrections. On July 29, 2019, Magistrate Judge Ferenbach denied the application to proceed *in forma pauperis*, without prejudice, because the application was incomplete. ECF No. 3 at 1-2. Judge Ferenbach ordered plaintiff Patrick Lacy to file a fully complete application to proceed *in forma pauperis*, including a properly executed financial certificate and an inmate account statement, or pay the full filing fee of $400.00 within 30 days from the date of that order. *Id.* at 2. The 30-day period has now expired, and Lacy has not filed another application to proceed *in forma pauperis*, paid the full filing fee, or otherwise responded to the order.

  District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order

requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to the defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – the public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.

Judge Ferenbach's order requiring Lacy to file another application to proceed *in forma pauperis* or pay the full filing fee expressly stated: "IT IS FURTHER ORDERED that if Plaintiff does not timely comply with this order, dismissal of this action may result." ECF No. 3 at 2. Thus, Lacy had adequate warning that dismissal would result from his noncompliance with the order.

It is therefore ordered that this action is dismissed without prejudice based on the plaintiff's failure to file a complete application to proceed *in forma pauperis* or pay the full filing fee in compliance with Judge Ferenbach's July 29, 2019 order.

It is further ordered that the Clerk of Court shall enter judgment accordingly.

Dated: September 10, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE